**William F. Gary, OSB #770325**
william.f.gary@harrang.com
**C. Robert Steringer, OSB #983514**
bob.steringer@harrang.com
**Bryson E. Davis, OSB #145082**
bryson.davis@harrang.com
HARRANG LONG GARY RUDNICK P.C.
497 Oakway Road, Suite 380
Eugene, OR 97401-3273
Telephone:     541-485-0220
Facsimile:      541-686-6564

**Dick A. Semerdjian,** *Pro Hac Vice Pending*
das@sscmlegal.com
**Owen M. Praskievicz,** *Pro Hac Vice Pending*
owen@sscmlegal.com
SCHWARTZ SEMERDJIAN CAULEY & MOOT LLP
101 W. Broadway, Suite 810
San Diego, California 92101
Telephone:     (619) 236-8821
Facsimile:      (619) 236-8827

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **BYC, INC.**, a California corporation,<br><br>        Plaintiff,<br><br>  vs.<br><br>**THE BROKEN YOLK CAFÉ, INC.**, dba THE BROKEN YOLK CAFÉ, an unknown Oregon entity; **BRANDON DALE**, an individual; and **BROOKE DALE**, an individual,<br><br>        Defendants. | Case No. 6:18-cv-01834<br><br>**COMPLAINT**<br><br>**Trademark Infringement; False Designation Of Origin; Common Law Unfair Competition; Unlawful Trade Practice; and Federal Trademark Dilution**<br><br>**DEMAND FOR JURY TRIAL** |

Page 1 - **COMPLAINT**

Plaintiff BYC, INC. ("BYC") for its claims for relief against Defendants THE BROKEN YOLK CAFÉ, INC. dba The Broken Yolk Café, BRANDON DALE, and BROOKE DALE (collectively the "Defendants"), alleges as follows:

## I.     NATURE OF ACTION AND RELIEF SOUGHT

1. Plaintiff BYC is the owner of all common law rights and federally registered marks related to the "BROKEN YOLK" mark, including, but not limited to, name, logo and trade dress associated with the famous Broken Yolk Café.

2. Specifically, BYC is the owner of all national common law rights to the name "BROKEN YOLK" and is the owner of the following four federally registered trademarks:

- "THE ORIGINAL BROKEN YOLK CAFE 'WE'VE GOT HUEVOS!'" Service Mark as filed on May 7, 2007 and formally registered with the United States Patent and Trademark Office ("USPTO") on April 8, 2008, with Registration No. 3,408,265 attached as Exhibit "A."

- "BROKEN YOLK CAFE" Service Mark as filed on September 25, 2008, and formally registered with the USPTO on May 5, 2009, with Registration No. 3,615,531 attached as Exhibit "B."

- "BROKEN YOLK" Service Mark as filed on July 28, 2011, and as formally registered with the USPTO on March 13, 2012, with Registration No. 4,111,776 attached as Exhibit "C."

- "BYC" Service Mark as filed on June 18, 2015, and as formally registered with the USPTO on January 19, 2016, with Registration No. 4,889,497 attached as Exhibit "D."

(Collectively, the four federally registered marks are referred to as the "Service Marks.")

Page 2 - **COMPLAINT**

3. This action arises out of Defendants' marketing, advertising and sale of goods and services in the restaurant industry using the "BROKEN YOLK" trademark. By advertising and marketing themselves as "THE BROKEN YOLK CAFÉ," Defendants have committed federal trademark infringement, trade dress infringement, false designation of origin, federal trademark dilution and unlawful trade practices.

4. Prior to filing this action, representatives of BYC notified Defendants of BYC's ownership of the "BROKEN YOLK" trademark rights and the Service Marks, and requested Defendants cease use of their phonetically identical mark, "BROKEN YOLK." Defendants refused and to date continue to market and advertise their business and products under the "BROKEN YOLK" mark. As a result, Defendants' use of "BROKEN YOLK" constitutes willful trademark infringement and/or willful dilution of the Service Marks and trademark rights.

5. BYC seeks provisional and permanent injunctive relief enjoining Defendants from any further marketing of themselves or their products bearing the confusingly similar mark "BROKEN YOLK," and further seeks damages, including treble damages, resulting from Defendants' wrongful actions, actual or statutory damages pursuant to ORS 646.638, and attorney fees.

## II.  JURISDICTION AND VENUE

6. BYC's claims arises under Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), and 1125(c), as amended, and the statutory and common laws of the State of Oregon.

7. This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). This Court has related claim jurisdiction over the state law tort claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

8. This Court has jurisdiction and venue over Defendants pursuant to 28 U.S.C. § 1391(b) and (c) because at least one of the Defendants resides in Benton County, Oregon, and a substantial part of the events giving rise to BYC's claims against Defendants occurred in Benton County, Oregon, including substantial marketing, advertising, sales, and a physical location all using the infringing marks.

### III.    PARTIES

9. BYC is a corporation duly organized under the laws of the State of California.

10. Defendant The Broken Yolk Café, Inc. dba The Broken Yolk Café is an Oregon corporation that operates a restaurant located at 119 Southwest 3rd St., Corvallis, OR 97333.

11. BYC is informed and believes, and on that basis alleges, that Defendants Brandon Dale and Brooke Dale are married individuals residing in Oregon and are the owners of Defendant The Broken Yolk Café, Inc. dba The Broken Yolk Café.

### IV.    COMMON ALLEGATIONS FOR ALL CLAIMS

12. BYC owns all intellectual property related to Broken Yolk Café, a well-known breakfast and lunch restaurant franchise with headquarters in San Diego, California. At the time of the filing of this complaint, BYC has thirty locations owned and/or franchised throughout California, Arizona, Texas, Illinois, and Florida, with additional locations anticipated in Nevada, Oregon and Canada. BYC's predecessors first began operations as the Broken Yolk Café in 1979. BYC, which was incorporated in California in 2001, is the holder of Broken Yolk Café's intellectual property, which is then licensed to BYC Franchising, LLC for operation of the various Broken Yolk Café franchises. Broken Yolk Café advertises, markets and distributes products under four federally-registered trademarks, including the "BROKEN YOLK" Service Mark. Broken Yolk Café, through BYC, has spent significant time and expense developing extensive goodwill in its trademarks and Service Marks within the industry and among its

clientele.

13. BYC is the owner of the four active federal trademark registrations identified in Exhibits A, B, C, and D, as well as nationwide common law trademark rights for the "BROKEN YOLK" mark. All four federal registrations are registered for café-restaurants and restaurant services, while the Service Mark "BROKEN YOLK" is also registered for coffee mugs, shot glasses, hats, jackets, sweatshirts, t-shirts, and tank tops.

14. Prior to the wrongful acts of Defendants alleged herein, the original Broken Yolk Café, its franchises and BYC have for many years continuously marketed, advertised, and offered for sale, and sold, a variety of products bearing the "BROKEN YOLK" marks and Service Mark. The "BROKEN YOLK" marks and Service Marks have played a significant role in the restaurant's success.

15. BYC, in coordination with its franchises, markets and advertises its services and products in print, online and through other media. In its marketing and advertising, BYC uses its trademark "BROKEN YOLK" and Service Marks to attract and maintain clientele.

16. The "BROKEN YOLK" marks and Service Marks, by virtue of substantial use and promotion, have acquired great value as an identifier of BYC's products, distinguishing BYC and its franchises from other restaurants.

17. As a result of BYC's extensive advertising, the name "Broken Yolk Café" is readily recognized in the industry and distinguished from other restaurants by the "BROKEN YOLK" name and Service Marks.

18. Defendants operate at least one restaurant in Corvallis, Oregon, using the "BROKEN YOLK" name and the Service Marks. Defendants offer a menu that, like that of the "Broken Yolk Café," focuses primarily on American-style breakfast foods.

19. Prior to filing this action, representatives of BYC notified Defendants of BYC's ownership of the "BROKEN YOLK" trademark rights and the Service Marks, and requested Defendants cease use of their phonetically identical mark, "BROKEN YOLK." Defendants refused and to date continue to market and advertise their business and products under the "BROKEN YOLK" mark. As a result, Defendants' use of "BROKEN YOLK" constitutes willful trademark infringement and/or willful dilution of the Service Marks and trademark rights.

20. BYC has received complaints from customers who mistakenly confused the Corvallis, Oregon, restaurant for one of BYC's franchises. These complaints concerned both the quality of the food and the quality of service, and commonly requested that BYC take action to fix problems associated with Defendants' restaurant.

21. BYC has expanded rapidly and intends to enter the Oregon market either through franchised or BYC owned restaurants.

22. On July 31, 2018, a representative from BYC contacted Defendants via a letter directed to Defendants demanding that Defendants cease and desist their infringing activities in light of BYC's planned expansion into the Oregon market.

23. On August 20, 2018, Defendants responded to BYC. To date, Defendants have failed to cease and desist infringing upon BYC's rights.

24. BYC is informed and believes, and on that basis alleges, that Defendants' continued use of the mark "BROKEN YOLK" and the Service Marks in marketing and advertising is designed to cause confusion, mistake, or deception among consumers and the industry, and leads to increased business based upon Broken Yolk Café's goodwill.

25. By virtue of their acts and conduct alleged above, Defendants have caused injury to Broken Yolk Café's intellectual property, by creating a likelihood of confusion as to the

source of origin and sponsorship of Defendants' goods and have otherwise competed unfairly with Broken Yolk Café. Such likelihood of confusion includes but is not limited to confusion of consumers and the general public that Defendants' products, which are advertised using the "BROKEN YOLK" name and Service Marks are somehow connected with BYC's Broken Yolk Cafés and its brand.

26. Defendants' acts and conduct alleged above have caused damage and irreparable injury to BYC in an amount to be determined at trial, and have caused an ascertainable loss of money or property by BYC. These acts and conduct will result in further damage and irreparable injury to BYC if Defendants are not restrained by this Court from further violation of BYC's rights, for which BYC has no adequate remedy at law.

27. Defendants' acts, as alleged above, have caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services, and have caused likelihood of confusion or of misunderstanding as to Defendants' affiliation, connection, or association with, or certification by, BYC.

## V.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR TRADEMARK INFRINGEMENT

28. The allegations of paragraphs 1 through 27 above are repeated and re-alleged as though set forth fully herein.

29. This is a claim for trademark infringement pursuant to 15 U.S.C. § 1051 et seq.

30. BYC is informed and believes, and on that basis alleges that Defendants' use in interstate commerce of the mark "BROKEN YOLK" and the Service Marks on its location, in its marketing, in its advertisements, and on its products is likely to cause confusion, to cause mistake or to deceive customers as to the affiliation, connection or association with the "BROKEN YOLK" trademark of BYC. By the foregoing acts, and continued use of the

"BROKEN YOLK" name and Service Marks, Defendants have infringed BYC's federally-registered "BROKEN YOLK" name and Service Marks in violation of 15 U.S.C. § 1114.

31. BYC is informed and believes, and on that basis alleges, that Defendants acted willfully, with intent to trade upon the goodwill and reputation of Broken Yolk Café, and with the intent to cause confusion, to cause mistake or to deceive consumers.

32. BYC is entitled to all of the remedies available under the Lanham Act, including actual damages, and an accounting of Defendants' profits, treble damages, costs and attorneys' fees.

33. Defendants' acts, as alleged above, have caused damages to BYC in an amount to be determined at trial. Defendants' acts are continuing and will result in further damage and irreparable injury to BYC if Defendants are not restrained by this Court from further violation of BYC's rights, for which BYC has no adequate remedy at law.

## SECOND CLAIM FOR FALSE DESIGNATION OF ORIGIN

34. The allegations of Paragraphs 1 through 27 above are repeated and re-alleged as though set forth fully herein.

35. This is a claim for false designation of origin under 15 U.S.C. § 1125(a).

36. BYC is informed and believes, and on that basis alleges, that Defendants' use in interstate commerce of the mark "BROKEN YOLK" and the Service Marks to market and sell services and products constitutes a false designation of origin, and a false description or representation of goods, tending wrongfully and falsely to describe or represent a connection between Broken Yolk Café and Defendants' goods and services. By these acts, Defendants have infringed BYC's federally-registered and common-law trademarks in violation of 15 U.S.C. § 1125(a).

37. Defendants' activities are likely to lead the public to conclude incorrectly that Defendants' products and services are produced by, or are otherwise associated with, Broken Yolk Café or its products or brand to the harm of Broken Yolk Café and consumers.

38. BYC is informed and believes, and on that basis alleges, that Defendants acted willfully, with the intent to trade upon the goodwill and reputation of Broken Yolk Café, and with the intent to cause confusion, to cause mistake or to deceive customers.

39. BYC is entitled to all of the remedies available under the Lanham Act, including actual damages and an accounting of Defendants' profits, treble damages, costs and attorneys' fees.

40. Defendants' acts, as alleged above, have caused damages to BYC in an amount to be determined at trial. Defendants' acts are continuing and will result in further damage and irreparable injury to BYC if Defendants are not restrained by this Court from further violation of BYC's rights, for which BYC has no adequate remedy at law.

### THIRD CLAIM FOR COMMON LAW UNFAIR COMPETITION

41. The allegations of Paragraphs 1 through 27 above are repeated and re-alleged as though set forth fully herein.

42. This is a claim for common law unfair competition under the common law of the State of Oregon.

43. By reason of the foregoing acts, Defendants have unfairly competed with Broken Yolk Café through the act of misleading others to the conclusion that Defendant's goods and services are those of BYC in violation of the common law of the state of Oregon.

44. Defendants' acts, as alleged above, have caused damages to BYC in an amount to be determined at trial. Defendants' acts are continuing and will result in further damage and irreparable injury to BYC if Defendants are not restrained by this Court from further violation of

BYC's rights, for which BYC has no adequate remedy at law.

### FOURTH CLAIM FOR STATUTORY UNLAWFUL TRADE PRACTICES

45. The allegations of Paragraphs 1 through 27 above are repeated and re-alleged as though set forth fully herein.

46. This is a claim for unlawful trade practices under ORS 646.638.

47. By reason of the foregoing acts, Defendants' have willfully caused a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services, in violation of ORS 646.608(1)(b), and have caused a likelihood of confusion or of misunderstanding as to Defendants' affiliation, connection, or association with, or certification by, BYC, in violation of ORS 646.608(1)(c).

48. BYC is entitled to the remedies available under the Oregon Unlawful Trade Practices Act, including actual damages or statutory damages of $200, whichever is greater; any equitable relief the court considers necessary or proper; and an award of BYC's reasonable attorney fees incurred in this action.

49. Defendants' actions have resulted in BYC suffering an ascertainable loss of money or property in that Defendants' violations of ORS 646.608(1)(b) and (c) have irreparably injured BYC's property interest in its federally registered "Broken Yolk" name, its federally registered service marks and its common-law trademarks, and the consumer recognition and goodwill associated with Broken Yolk Cafés products. This injury is irreparable and will continue unless enjoined by this Court. BYC has no adequate remedy at law.

### FIFTH CLAIM FOR TRADEMARK DILUTION

50. The allegations of paragraphs 1 through 27 above are repeated and re-alleged as though set forth fully herein.

51. This is a claim for trademark infringement dilution to 15 U.S.C. § 1125(c).

Page 10 - **COMPLAINT**

52. Based on BYC and Broken Yolk Café's extensive advertising, promotion and marketing, BYC's federally-registered "BROKEN YOLK" name and Service Marks has become widely recognized by the consuming public of the United States as a designation of the source of products and services provided by Broken Yolk Café.

53. BYC's federally-registered "BROKEN YOLK" name and Service Marks became famous prior to Defendants' use of the identical "BROKEN YOLK" mark in marketing and advertising.

54. Defendants' use of the mark "BROKEN YOLK" and the Service Marks is likely to cause dilution by blurring, creating a likelihood of association between Broken Yolk Café's famous "BROKEN YOLK" name and Service Marks and Defendants' products advertised bearing the "BROKEN YOLK" mark.

55. Defendants' use of the mark "BROKEN YOLK" and the Service Marks is likely to impair the distinctiveness of the BYC's "BROKEN YOLK" mark and the Service Mark.

56. In violation of 15 U.S.C. § 1125(c), Defendants willfully intended to trade upon or harm the recognition and reputation of Broken Yolk Café and BYC.

57. BYC is entitled to all of the remedies available under the Lanham Act, including injunctive relief, an accounting of Defendants' profits, treble damages, costs and attorney's fees.

## VI.    PRAYER FOR JUDGMENT

WHEREFORE, BYC prays for judgment against Defendants as follows:

### First Claim for Relief

1. That BYC's "BROKEN YOLK" name and Service Marks be deemed valid and willfully infringed by Defendants in violation of 15 U.S.C. § 1114 *et seq.*;

2. That Defendants be required to account to BYC for any and all profits derived by them by reason of Defendants' acts complained of herein;

3. That Defendants be ordered to pay to BYC all damages which BYC has sustained as a consequence of the acts complained of herein, subject to proof at trial;

4. That such damages and profits be trebled and awarded to BYC pursuant to 15 U.S.C. § 1117;

5. That Defendants be ordered to pay to BYC's reasonable attorney fees and costs; and

6. That Defendants, their agents, servants, employees and attorneys, and all those persons in active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined, pursuant to 15 U.S.C. § 1116, from:

   a. Manufacturing, selling, distributing, marketing, advertising, licensing or authorizing the manufacture or sale of any products or marketing and advertising materials bearing the mark "BROKEN YOLK";

   b. Otherwise infringing BYC's trademark rights; and

   c. Causing a likelihood of confusion in the public as to the source or endorsement of Defendants' products.

## Second Claim for Relief

1. That Defendants be adjudged to have violated the provisions of 15 U.S.C. § 1125(a) by falsely designating the origin of their products;

2. That Defendants be required to account to BYC for any and all profits derived by them by reason of Defendants' acts complained herein;

3. That Defendants be ordered to pay to BYC all damages which it has sustained as a consequence of the acts complained herein, subject to proof at trial;

4. That such damages and profits be trebled and awarded to BYC pursuant to 15 U.S.C. § 1117;

5. That Defendants be ordered to pay to BYC's reasonable attorney fees and costs; and

6. That Defendants, their agents, servants, employees and attorneys, and all those persons in active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined, pursuant to 15 U.S.C. § 1116, from:

    a. Manufacturing, selling, distributing, marketing, advertising, licensing or authorizing the manufacture or sale of any products or marketing and advertising materials bearing the mark "BROKEN YOLK";

    b. Otherwise infringing BYC's trademark rights;

    c. Falsely designating the origin of Defendants' products and services; and

    d. Causing a likelihood of confusion in the public as to the source or endorsement of Defendants' products.

### Third Claim for Relief

1. That Defendants be adjudged to have unfairly competed with Broken Yolk Café under the common laws of the State of Oregon;

2. That Defendants be required to account to BYC for any and all profits derived by them by reason of Defendants' acts complained herein; and

3. That Defendants be ordered to pay to BYC all damages sustained as a consequence of the acts complained of herein, subject to proof at trial.

### Fourth Claim of Relief

1. That BYC be awarded its actual damages sustained as a result of Defendants' violation of the Unlawful Trade Practices Act, subject to proof at trial, or statutory damages of $200 per violation, whichever is greater;

2. That Defendants, their agents, servants, employees and attorneys, and all those persons in active concert or participation with them be forthwith preliminarily and thereafter permanently enjoined from:

    a. Causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of its goods or services; and

    b. Causing a likelihood of confusion or of misunderstanding as to Defendants' affiliation, connection, or association with or certification by BYC.

3. That Defendants be ordered to pay BYC's reasonable attorney fees and costs.

### Fifth Claim for Relief

1. That Defendants be adjudged to have violated the provisions of 15 U.S.C. § 1125(c) by diluting the value of BYC's trademarks;

2. That Defendants be required to account to BYC for any and all profits derived by them by reason of Defendants' acts complained herein;

3. That Defendants be ordered to pay to BYC all damages which it has sustained as a consequence of the acts complained herein, subject to proof at trial;

4. That Defendants be ordered to pay to BYC's reasonable attorney fees and costs; and

5. That Defendants, their agents, servants, employees and attorneys, and all those persons in active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined, pursuant to 15 U.S.C. § 1125(c), from:

    a. Manufacturing, selling, distributing, marketing, advertising, licensing or authorizing the manufacture or sale of any products or marketing and advertising materials bearing the mark "BROKEN YOLK"; and

    b. Otherwise infringing BYC's trademark rights.

## On All Claims of Relief

1.	That Defendants be directed to file with this Court and serve BYC within thirty (30) days after the service of any injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with such injunction;

2.	That BYC be awarded its costs, attorney fees and expenses in this suit under 15 U.S.C. § 1117, ORS 646.638, and as otherwise provide by law; and

3.	That the Court award such other and further relief as it may deem just.

DATED this 17th day of October, 2018.

HARRANG LONG GARY RUDNICK P.C.


By:  s/William F. Gary
William F. Gary, OSB #770325
C. Robert Steringer, OSB #983514
Bryson E. Davis, OSB #145082

and

Dick A. Semerdjian, *Pro Hac Vice Pending*
Owen M. Praskievicz, *Pro Hac Vice Pending*

Of Attorneys for Plaintiff